LILLIAN BERGMAN, Assignee of the PROGRESS BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, a New Jersey Corporation, Judgment Creditor, Respondent, *v.* GUSSIE W. BUECHLER and LOUIS J. BUECHLER, Judgment Debtors, Appellants. (Appeals Nos. 1 and 2.)

First Department, January 29, 1937.

*M. M. Leichter* of counsel [*John L. Ketcham* with him on the brief; *Weissberger & Leichter*, attorneys], for the judgment debtors, appellants.

*Milton Gelman*, of counsel [*Louis Klatzko*, attorney], for the judgment creditor, respondent.

COHN, J. There are two appeals by the judgment debtors from two related orders, one which directs the debtors to pay ten dollars weekly on account of the judgment herein under section 793 of the Civil Practice Act, and the other which denies the motion of the judgment debtors to vacate or modify said order.

The judgment creditor on November 12, 1935, recovered a judgment of $3,357.97 in this court against the judgment debtors, who are husband and wife. Their examination in supplementary proceedings disclosed that the husband, Louis J. Buechler, was employed as an insurance broker and that his gross earnings from commissions averaged between fifteen dollars and eighteen dollars per week; that his wife, who was not employed, received from her brother, Joseph Weiss, weekly contributions of fifty dollars, and from her son who lived at home with them the sum of twenty-five dollars per week, and when traveling, forty dollars per week; that the debtors had no property of any kind and no other source of income; and that no other persons were dependent upon them for support.

Upon this testimony the Special Term on motion of the judgment creditor brought under the provisions of section 793 of the Civil Practice Act, directed that the judgment debtors pay ten dollars a week on account of the judgment until the judgment and the accrued interest thereon be paid. From this order the first of these two appeals is taken.

After the entry of this order, the contributions which came from the brother of Mrs. Buechler and the son were discontinued, leaving as the debtors' only source of income the earnings of the husband. The debtors thereupon moved to vacate or modify the order directing the weekly payments. The motion was denied and from this order an appeal is also taken.

The statute (Civ. Prac. Act, § 793, added by Laws of 1935, chap. 630) empowers the court to direct payment by a judgment debtor to a judgment creditor of " such portion of his income, however or whenever earned or acquired," after due regard for (1) the reasonable requirements of the judgment debtor and his family, if dependent upon him, (2) payments required to be made by the judgment debtor under sections 684 and 685 of the Civil Practice Act (garnishee orders), or (3) a prior order of this court under this section.

Appellants contend that the contributions upon which the order directing weekly payments rests are of a temporary nature, are wholly voluntary in character and may not be regarded as income within the meaning of the statute.

However, we believe that the term " income " must be construed as defined in the statute under consideration. The fund which may be available to the judgment creditor, the law says is " income,

however or whenever earned or acquired." The language is broad and comprehensive and is clearly indicative of a legislative intent to include all moneys *coming in* to the hands of the judgment debtors, whatever the source. This law, designed to compel payment of judgments by debtors who are in a position to do so, provides an additional and more adequate remedy than that which heretofore existed for the enforcement of judgments by judgment creditors. In our opinion, contributions, though in the nature of gratuities donated by relatives, *when and as received by the debtors*, constitute income as defined by this particular statute.

As it appears without contradiction that the judgment debtors were receiving between $90 and $108 per week as total income, that they were not paying off any other obligation, that there were no members of their family dependent upon them for support, and that the court had made allowances for the reasonable living expenses of the judgment debtors, the order directing them to pay ten dollars a week on account of the judgment was not, in our opinion, an improper exercise of the court's discretionary power to order such payment.

The statute (Civ. Prac. Act, § 793) also provides: " The court may, from time to time, modify an order made under this section upon application of either party upon notice to the other."

When the weekly contribution of fifty dollars from the brother of Mrs. Buechler and that of twenty-five dollars to forty dollars from their son Myron had ended, the judgment debtors moved that the order directing the installment payments be vacated or modified, upon the ground that there remained no fund in existence which justified a continuance of the order.

The record fails to disclose any evidence of bad faith on the part of appellants in making this motion. The affidavits of Joseph Weiss and Myron Buechler establish that at the time the motion to vacate or modify was made, their payments to the judgment debtors had in fact ceased. Though they may have been entirely willing to contribute payments if used solely for the support and maintenance of their impecunious relatives, they were wholly unwilling to contribute in any form toward the satisfaction of a judgment which they were in no way obligated to meet. Certainly they had an absolute right to terminate at any time these voluntary contributions. In view of the proof, we are of the opinion that the motion to vacate or modify the order directing the weekly payments should have been granted.

The order granting judgment creditor's motion for reargument directing the judgment debtors to pay the sum of ten dollars per week on account of the judgment herein should be affirmed, without

costs, and the order denying the motion to vacate or modify the aforesaid order should be reversed, without costs, and the motion granted to the extent of modifying the original order by striking therefrom the provision for the payment provided therein.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order entered September 12, 1936, unanimously affirmed, without costs. Order entered October 10, 1936, unanimously reversed, without costs, and motion granted as indicated in opinion.