### (October 24, 1963)

■ In the Matter of WIDDER BROS. INC., Appellant, v. JACK B. KAFFEE et al., Respondents.— Order, entered on August 8, 1963, denying judgment-creditor-appellant's motion for installment payments, punishment of judgment debtors for contempt, and for discretionary allowance of fixed sum for expenses of enforcement of judgment, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of ordering each judgment debtor to make installment payments to judgment creditor of $50 per week to be in addition to amounts received by judgment-creditor-appellant under income garnishment or execution, and $250 as discretionary allowance on enforcement motion, and is otherwise affirmed, with $20 costs and disbursements of the appeal to judgment-creditor-appellant. Installment payments may be ordered when it appears that the judgment debtor is receiving or will receive income from any source, taking into consideration the reasonable requirements of the judgment debtor and his dependents (CPLR, § 5226; Civ. Prac. Act, § 793). In addition to their $400 earnings per week, each judgment debtor enjoys other emoluments from the corporations they apparently dominate. In addition, some of the living expense figures they submitted in opposition to the motion are evidently inflated. Consequently, on the basis of this record, each judgment debtor should pay $90 per week in satisfaction of the approximately $12,000 remaining unpaid on the judgment. Apparently $40 per week are being paid under income execution by each of the three judgment debtors (cf. CPLR, § 5231; Civ. Prac. Act, § 684). Therefore, installment payments of $50 per week per judgment debtor are warranted. Judgment-creditor-appellant also moved

to punish the judgment debtors for contempt for alleged violations of provisions of examination subpœnas restraining transfer of judgment debtors' property (CPLR, §§ 5222, 5251; Civ. Prac. Act, §§ 781, 801). It claimed that the spending of earnings violated the restraint imposed. The motion must fail because the personal earnings of judgment debtors are exempt except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents (CPLR, § 5205, subd. [e]; Civ. Prac. Act, § 792, subd. [c]). Since the judgment creditor has incurred added expenses relating to this enforcement motion, partial reimbursement in the amount of $250 is warranted under the circumstances (see CPLR, § 8303, subd. [b]; Civ. Prac. Act, § 803, subd. [1]). Settle order on notice. Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.