■ CLARENCE D. DAVIS, INC., Appellant, v. SAMUEL ADLER, INC., Respondent.— GIBSON, P. J. Appeal from a judgment of the Supreme Court in favor of defendant, entered upon a decision, after trial by the court without a jury, in an action to recover damages in the amount of the purchase price paid by plaintiff to defendant for a quantity of cheese alleged to have been found unfit for human consumption. The product in question was one of several lots constituting defendant's stock of cheese in storage at a warehouse, sold by defendant to plaintiff on November 30, 1949; it being agreed that the cheese would be withdrawn during the month of December, 1949, to be paid for as withdrawn, and payment for any cheese remaining in storage at the end of that month to become due at that time. Plaintiff asserted that prior to the purchase it had inspected all of the several lots purchased except Lot 2122, the lot here involved, which it first inspected on February 1, 1950 and found so deteriorated as to be unmarketable. In its decision dismissing the complaint, the trial court properly "reached the conclusion that the plaintiff has not established its alleged cause of action by a fair preponderance of the evidence" and correctly held that there was "no evidence in the record to show that this lot of cheese in question, viz: #2122 was spoiled or in unsaleable condition prior to the date of sale, viz: November 30, 1949." Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.

■ In the Matter of the Claim of JOHN D. GARDNER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal by claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from receiving benefits due to a lack of total unemployment; holding that claimant willfully made false statements to obtain benefits; penalizing claimant therefor 208 effective days; and holding that claimant was overpaid the sum of $605 in benefits, held to be recoverable. The board was warranted in finding, on the basis of the evidence it evaluated as credible, that claimant was actually employed in the business conducted by his nephew, during the alleged unemployment period and that, contrary to claimant's contention, his services were not gratuitous and the checks issued to him and to his wife represented wages and not loans. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.

■ JONAH BINDER, Respondent, v. BERTHA SCHENK, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court at Special Term which granted the judgment-creditor-respondent's application under CPLR 5226 by directing the judgment-debtor-appellant to make specified installment payments on account of the judgment. The proof was that appellant received, in addition to social security payments and whatever assistance was given her by her son-in-law and daughter, a salary of $30 per week from, and room and lodging in, the hotel which she had previously operated. Absent a stronger showing of "the reasonable requirements of the judgment debtor" (CPLR 5226), as to which she had the burden of proof (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5226.11, p. 52–403), it cannot be said that the discretion conferred upon Special Term was improvidently exercised in directing installment payments of $10 per week. Relief on account of changed circumstances cannot be had pursuant to CPLR 5240 on the basis of statements in appellant's brief on appeal. Order affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.