■ TERRY P. RABIDEAU et al., Respondents, v GEORGE C. OSWALD, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term, entered February 13, 1980 in Clinton County, which granted respondents' motion pursuant to CPLR 5226 by directing appellant to make specified installment payments on account of a judgment. In a civil action, respondents recovered a judgment in the amount of $15,225.70 against appellant and that judgment was filed in the Clinton County Clerk's office on January 6, 1978. Shortly thereafter, appellant filed a petition in bankruptcy. Respondents' judgment, however, was held to be nondischargeable in bankruptcy. In attempting to collect on their judgment, respondents made a motion pursuant to CPLR 5226 for an order directing appellant to pay respondents $50 per week in installment payments. An information subpoena was answered by appellant and an examination held revealing that appellant lived with his son and paid no rent; that he did not pay for food or furniture; and that he had no car, boat, plane, bank accounts, or insurance. It was also revealed, however, that appellant received money from his wife and from the son with whom he was living. Special Term granted respondents' motion and this appeal ensued. Appellant contends

that respondents failed to prove that he is receiving or will receive money from any source as required by CPLR 5226 in that any money he received from his son or wife was on an irregular basis. We disagree. The wording of the statute is broad and should be read expansively to promote the obvious intent of the Legislature (see 6 Weinstein-Korn-Miller, NY Civ Prac, par 5226.07). Contributions or gratuities received or to be received from relatives should be considered to constitute money from any source as used in CPLR 5226 (see *Binder v Schenk,* 30 AD2d 596; *Bergman v Buechler,* 249 App Div 553). It is also argued that the reasonable requirements of the appellant were not adequately considered. The burden of proof was on appellant to show his reasonable requirements *(Binder v Schenk, supra)* and on the present record we cannot say that Special Term failed to sufficiently take into account the proof offered by appellant on this issue. Considering the record in its entirety, it is the opinion of this court that Special Term did not improvidently exercise its discretion in directing installment payments of $50 per week and, therefore, the order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.