■ In the Matter of SOUTHERN TIER MASONRY, INC., Respondent, v PETER C. BROWNING, Appellant. [599 NYS2d 173] —Crew III, J. Appeal from an order of the Supreme Court (Fischer, J.), entered October 14, 1992 in Broome County, which granted petitioner's application pursuant to CPLR 5226 for an installment payment order on account of a judgment.

The record reflects that in January 1990 respondent, doing business as Browning Construction, Inc., wrongfully converted $46,200 of moneys that were to be held in trust for petitioner pursuant to a construction contract by reason of which the latter was performing work as a subcontractor. Respondent filed for bankruptcy and petitioner brought an adversary proceeding in Bankruptcy Court to determine the dischargeability of the aforesaid money as a debt. On February 19, 1992 respondent and petitioner entered into a stipulation and order in Bankruptcy Court, which granted judgment in favor of petitioner in the amount of $18,000 in full satisfaction of petitioner's claims and ordered that the judgment was nondischargeable pursuant to 11 USC § 523 (a) (11).

On the following day, respondent entered into a stipulation in Broome County Court as part of a plea bargain in which respondent pleaded guilty to the charge of grand larceny in the third degree regarding the unlawful conversion of the aforesaid $46,200. The stipulation provided that judgment in that amount be entered in favor of petitioner against respondent. Following entry of that judgment, petitioner sought an installment payment order in Supreme Court pursuant to CPLR 5226. In support of the motion, the attorney for petitioner provided an affidavit in which he alleged that he was present at an examination of respondent and recited his recollection of respondent's testimony concerning his income and expenses. Respondent submitted an opposing affidavit in which he recited the stipulation of judgment in Bankruptcy Court, a copy of which was annexed to his answering affidavit. Respondent averred that the plea and stipulation entered in Broome County Court was the result of duress and he set forth in some detail his income and expenses, which he alleged demonstrated his inability to make installment payments on the judgment. Supreme Court, without a written

decision,[1] ordered respondent to make monthly installment payments of $200. This appeal ensued.

First, respondent contends that the judgment in Bankruptcy Court for $18,000 was in full settlement and satisfaction of any and all claims petitioner had against respondent and the resultant order of Supreme Court is violative of the automatic bankruptcy stay (see, 11 USC § 362) and is a nullity. We disagree. To the extent that respondent is asserting that he has a defense based upon documentary evidence (i.e., the Bankruptcy Court stipulation), that another action is pending between the parties for the same cause of action or that the amount of the judgment in excess of $18,000 has been discharged in bankruptcy, these defenses were waived at the time respondent agreed to entry of the judgment in County Court (cf., CPLR 3211 [e]).[2] To the extent that respondent is claiming that the debt represented by the County Court judgment in excess of $18,000 is discharged, his remedy is to file an adversary proceeding in Bankruptcy Court for a declaration in that regard (see, 28 USC § 157 [b] [2] [I]).

We agree with respondent, however, that he was not provided an adequate opportunity to be heard in Supreme Court. As indicated, petitioner's motion was supported by an affidavit in which petitioner's attorney recounted his recollection as to what respondent had testified concerning his finances, which indicated a sufficient basis for installment payments. Respondent submitted his sworn affidavit setting forth financial data which, if true and accurate, demonstrated an inability to make installment payments. As a result, there existed disputed facts concerning the extent of respondent's income and his reasonable requirements and obligations requiring a trial for appropriate resolution (see, 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5226.11). Accordingly, this matter must be remitted for further proceedings.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

---

1. We note that the failure by Supreme Court to provide a written decision deprives this Court of the benefit of the rationale for its determination (see, Hurwitch v Kercull, 182 AD2d 1013, 1014, n).

2. If respondent is claiming that the waiver is ineffective because the plea and its terms were the result of duress, his remedy is a motion to vacate the judgment of conviction (see, CPL 440.10 [1] [b]).