■ CITY OF ALBANY INDUSTRIAL DEVELOPMENT AGENCY, Respondent, v JAGADISH GARG et al., Appellants. [704 NYS2d 154]

—Peters, J. P. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 28, 1998 in Albany County, which granted plaintiff's motion to compel defendants to make installment payments in the amount of $1,000 per month.

Defendants Jagadish Garg and Pushpa Garg (hereinafter collectively referred to as defendants), along with defendant P & JG Enterprises, Inc.,* were guarantors of a mortgage note held by plaintiff. An action was commenced pursuant to CPLR 3213 to collect on the note. Defendants' attorney failed to serve answering papers or appear, prompting Supreme Court (Kahn, J.) to grant judgment to plaintiff by decision dated December 15, 1992 in the amount of $704,570.99 plus costs. That judgment was never appealed. Thereafter, defendants sought, on two separate occasions, to vacate that judgment; both were ultimately denied by Supreme Court and dismissed by this Court for failure to timely perfect the appeal.

By decision dated June 5, 1996, Supreme Court (Kahn, J.), in connection with a separate action by plaintiff to set aside certain conveyances made by defendants, denied a third motion to vacate the December 15, 1992 judgment; a notice of appeal was again filed but not perfected. A fourth motion to vacate the judgment was denied by Supreme Court (Graffeo, J.) on March 21, 1997 based upon a failure to proffer a valid excuse for the inordinate delay. Upon our review we affirmed (250 AD2d 991), yet noted that plaintiff agreed, at oral argument, that the judgment should have been entered in the amount of $584,729.44 instead of the ordered amount.

When defendants failed to pay any amount toward the judgment, other than a court-ordered garnishment of a distribution in a related bankruptcy proceeding, plaintiff moved pursuant to CPLR 5226 for an installment payment order. Defendants opposed the motion, contending that Supreme Court lacked jurisdiction in the original action which resulted in the December 15, 1992 judgment and that their income was more limited due to retirement, income executions and a necessary transfer of assets. Despite their contentions of a present inability to meet reasonable expenses, Supreme Court ordered installment payments in the amount of $1,000 per month and refused to revisit the jurisdictional issue. Defendants appeal.

We note, preliminarily, that if there was a jurisdictional defense to the 1992 judgment premised upon a failure of service, the defense was waived by defendants' failure to appeal the judgment (see, Boulay v Olympic Flame, 165 AD2d 191).

---

* P & JG Enterprises, Inc. is now a defunct corporation. No relief was sought against it through the motion which is the subject of this appeal.

Turning to the order made pursuant to CPLR 5226 and assessing defendants' contentions that they do not have sufficient resources to make the installment payments ordered, the record reflects that Jagadish Garg was a college professor, earning approximately $73,000 annually with gross rental income of approximately $82,000 annually from at least November 1992 until some time prior to 1998 when, at approximately 68 years of age, he retired with a gross income from Social Security and disability benefits of $45,250. Pushpa Garg, approximately 63 years old at the time of the current order, was a housewife receiving $5,964 annually in Social Security benefits.

In determining the amount of payments, we find that Supreme Court properly considered the debtors' reasonable expenses, amounts deducted to satisfy other judgments, the amount due on the judgment and the amount being received from all other enforcement methods, and the receipt of money "from any source" (CPLR 5226). Defendants' contention that the substantial income generated from rental properties actually resulted in a $15,000 loss is belied by the tax returns in this record. Moreover, Jagadish Garg affirmed in a deposition held on February 15, 1996 that he still held a life estate in these rental properties and that income in the amount of $60,000 was generated.

The record further reveals that defendants have received money from their children and have transferred numerous parcels of their property to their children for less than market value. As consideration of gifts received from children was entirely proper (see, *Rabideau v Oswald,* 78 AD2d 944) and Supreme Court was empowered to exercise its discretion and determine that some of the claimed living expenses were not reasonable or that circumstances indicated that income should be attributable to defendants (see, *Nutmeg Fin. Servs. v Richstone,* 186 AD2d 58), we find no abuse of discretion.

Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.