■ TRACEY KREBS, an Infant, by Her Father and Natural Guardian, GEORGE KREBS, et al., Respondents, v GUSTAVO CABRERA et al., Appellants. [911 NYS2d 439]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Yablon, Ct. Atty. Ref.), dated January 25, 2010, as granted the plaintiffs' renewed motion pursuant to CPLR 5226, to the extent of directing the defendant Gustavo Carrera to pay the sum of $300 per month to the plaintiff Tracey Krebs until a judgment, with interest, is satisfied in full.

Ordered that the appeal by the defendant Jane Cabrera is dismissed, as she is not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the renewed motion is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In an order dated June 4, 2008, the Supreme Court denied a motion pursuant to CPLR 5226 except to the limited extent that it "direct[ed] that plaintiff [respondent Tracey Krebs (hereinafter the judgment creditor)] conduct further discovery . . . including [the] deposition of [the defendant appellant Gustavo Cabrera (hereinafter the judgment debtor)]." There is no indication in the record that such a deposition was ever conducted, or that an attempt to arrange for such a deposition was ever made.

Under the circumstances of this case, there is no proof in the record on appeal that the judgment debtor "is receiving or will receive money from any source" (CPLR 5226) apart from the Social Security disability benefits that, as the judgment creditor concedes, are exempt from payment to the judgment creditor (42 USC § 407; CPLR 5222 [e]; *see Teller v Hernandez*, 24 Misc 3d 143[A], 2009 NY Slip Op 51764[U] [2009]; *Contact Resource Servs., LLC v Gregory*, 10 Misc 3d 968 [2005]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5231.14 [2d ed]). Therefore, the burden never shifted to the judgment debtor to prove what part of any such money might be necessary in order for him to pay for his "reasonable requirements" (CPLR 5226; *see generally Matter of Balanoff v Niosi*, 16 AD3d 53, 62 [2005]). Accordingly, the renewed motion should have been denied.

In light of this determination, there is no need to reach the judgment debtor's remaining contention. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.