Hamway v Sutton (2022 NY Slip Op 06165)

Hamway v Sutton

2022 NY Slip Op 06165

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 653336/15 Appeal No. 16586 Case No. 2022-00267 

[*1]Frieda Hamway et al., Plaintiffs-Respondents,
v
Issac Sutton, Defendant-Appellant, Mayer Sutton et al., Defendants.

Eric Streich, P.C. White Plains (Adam M. Peska of counsel), for appellant.
Storch Byrne LLP, New York (Steven G. Storch of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about December 30, 2021, which, insofar as appealed from as limited by the briefs, denied defendant Isaac Sutton's motion to limit plaintiffs' restraining notice to 10% of his monthly disability insurance payments, unanimously reversed, on the law, without costs, and the motion granted.
In May 2018, plaintiffs obtained a judgment against defendant Isaac Sutton. Defendant has a disability insurance policy with Unum Group. The policy pays him $18,000 a month. In plaintiffs' efforts to collect on their judgment, they served a restraining notice on Unum Group. Supreme Court granted the restraining notice finding that only $400 of the monthly disability payments were exempt from enforcement under Insurance Law 3212(c)(2). Defendant then moved to vacate the restraining notice on the ground that Supreme Court failed to recognize that his monthly disability payments were also subject to protection under CPLR article 52.
Sutton established that under CPLR 5231(b), plaintiffs cannot restrain more than 10% of his monthly disability insurance payments, as those payments constitute "money from any source" and "gross income," both of which are protected from restraint in amounts greater than 10% (id. , see CPLR 5231[g]), provided the execution does not leave the debtor with less than the $400 exemption under Insurance Law § 3212. We reject plaintiff's contention that Insurance Law § 3212(c)(2), which governs disability insurance payments and allows a judgment creditor to reach all but $400 per month of a debtor's disability insurance payments, is the more specific statute and therefore supersedes CPLR 5231(b), which governs income executions. Rather, we read the interplay of the two statutes as requiring that the monthly disability payments are subject to the 10% percent execution permitted by CPLR article 52, provided the execution does not leave the debtor with less than the $4oo exemption provided by Insurance Law § 3212(c)(2). This view is consistent with at least one court which has held that a plaintiff may seek enforcement of a judgment against any payments above $400 per month made from a private disability insurer, "subject to any and all additional limits imposed by CPLR [a]rticle 52" Guttenplan v Stein , 2007 NY Slip Op 33483[U], *2 [Sup Ct, Nassau County 2007]). Although Guttenplan is not binding on this Court, we find it persuasive. As a result, plaintiffs are limited to restraining $1,800 of Sutton's $18,000 monthly disability insurance payment, pursuant to CPLR 5231(b), as this debtor is not left with less than $400, as per Insurance Law § 3212(c)(2).
Plaintiffs' contention that they can levy all amounts above $400 a month through a restraining notice is not supported by an informal November 26, 2001 opinion of the New York State Insurance Department. That opinion did not address CPLR article 52.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022