Hamway v Sutton (2025 NY Slip Op 01062)

Hamway v Sutton

2025 NY Slip Op 01062

Decided on February 25, 2025

Appellate Division, First Department

HIGGITT, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sally Manzanet-Daniels JP. Lizbeth Gonzalez Saliann Scarpulla Martin Shulman John R. Higgitt

Index No. 653336/15|Appeal No. 3114|Case No. 2024-02913|

[*1]Frieda Hamway, et al., Plaintiffs-Appellants,
v
Isaac Sutton, Defendant-Respondent, Mayer Sutton, et al., Defendants.

Plaintiffs appeal from an order of the Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 23, 2024, which granted defendant Isaac Sutton's motion for restitution to the extent of ordering that certain monies held in escrow in connection with an underlying judgment be released to him, and denied plaintiffs' cross-motion for an installment payment order.

Storch Byrne LLP, New York (Steven G. Storch and Parmenion Patias of counsel), for appellants.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.

HIGGITT, J. 

Plaintiffs appeal from an order of the Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 23, 2024, which granted defendant Isaac Sutton's motion for restitution to the extent of ordering that certain monies held in escrow in connection with an underlying judgment be released to him, and denied plaintiffs' cross-motion for an installment payment order.
Storch Byrne LLP, New York (Steven G. Storch and Parmenion Patias of counsel), for appellants.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.
HIGGITT, J. On this appeal relating to plaintiffs' efforts to enforce a money judgment against defendant Isaac Sutton, we are asked to determine whether Supreme Court properly granted Sutton's motion for restitution (see CPLR 5015[d]) and denied plaintiffs' cross-motion seeking an installment payment order (see CPLR 5226). For the reasons that follow, we conclude that a hearing is warranted on both discretion-laden subjects and remand the matter to Supreme Court for that purpose and a new determination of the motion and cross-motion.
I.
In 2006, plaintiffs transferred money to defendant to invest. Plaintiffs later became concerned about the manner in which defendant was using their money and demanded its return. The parties subsequently entered into a settlement agreement resolving potential claims plaintiffs might have against defendant. The settlement agreement required the parties to resolve any disputes arising under the agreement through arbitration.
In August 2016, plaintiffs commenced an arbitration proceeding against defendant to enforce the settlement agreement. The arbitration proceeding culminated in a final award in plaintiffs' favor. That award was confirmed by Supreme Court, and judgment was entered in May 2018 in favor of plaintiffs in the amount of $4,902,825.55. Defendant has not made any payments on the judgment.
In October 2021, plaintiffs, in an effort to enforce the judgment, served a restraining notice on nonparty Unum Group, an entity making monthly disability insurance payments to defendant. The restraining notice impeded defendant's receipt of an $18,000/month disability insurance payment, save for a $400 statutory exemption (see Insurance Law § 3212[c][2]). Defendant moved to vacate the restraining notice, arguing that the entire monthly payment was exempt from judgment enforcement under Insurance Law § 3212(c)(1). Alternatively, defendant maintained that the monthly disability payments constituted "income" under article 52 of the CPLR and therefore were 90% exempt from judgment enforcement (see CPLR 5205, 5222). Supreme Court denied defendant's motion.
On defendant's appeal, we reversed Supreme Court's order denying his motion to vacate the restraining notice and granted the motion. We wrote, in pertinent part:
"Sutton established that under CPLR 5231(b), plaintiffs cannot restrain more than 10% of his monthly disability insurance payments[*2], as those payments constitute 'money from any source' and 'gross income,' both of which are protected from restraint in amounts greater than 10% (id.; see CPLR 5231[g]), provided the execution does not leave the debtor with less than the $400 exemption under Insurance Law § 3212. We reject plaintiff's contention that Insurance Law § 3212(c)(2), which governs disability insurance payments and allows a judgment creditor to reach all but $400 per month of a debtor's disability insurance payments, is the more specific statute and therefore supersedes CPLR 5231(b), which governs income executions. Rather, we read the interplay of the two statutes as requiring that the monthly disability payments are subject to the 10% execution permitted by CPLR article 52, provided the execution does not leave the debtor with less than the $400 exemption provided by Insurance Law § 3212(c)(2). . . . As a result, plaintiffs are limited to restraining $1,800 of Sutton's $18,000 monthly disability insurance payment, pursuant to CPLR 5231(b), as this debtor is not left with less than $400, as per Insurance Law § 3212(c)(2)" (Hamway v Sutton, 210 AD3d 427, 427-428 [1st Dept 2022], lv denied 40 NY3d 967 [2023]).
Plaintiffs enforced their judgment during the pendency of defendant's appeal and, aided by the restraining notice they served on Unum Group, received almost $200,000 in Sutton's monthly disability insurance payments. The sum paid over by Unum Group is in plaintiffs' attorney's escrow account.
II.
Defendant sought the return of $176,904, representing 90% of the $196,560 in disability insurance payments Unum Group had sent to plaintiffs, allowing plaintiffs to keep the remaining 10%. First, defendant made a motion before our Court to compel plaintiffs to make restitution. We denied that motion without prejudice to defendant seeking restitution before Supreme Court.
Next, defendant made a motion in Supreme Court under CPLR 5015(d) or, alternatively, CPLR 5523. Defendant argued that, in light of our decision reversing the order denying his motion to vacate the restraining notice, he was entitled to the return of the $176,904.
Plaintiffs cross-moved for an order under CPLR 5225 awarding them the entirety of the escrowed funds and an installment payment order under CPLR 5226. Alternatively, plaintiffs sought a hearing regarding the amount of the escrowed funds to which they were entitled. Plaintiffs' cross-motion was supported by, among other things, excerpts from defendant's 2016 and 2019 postjudgment depositions, and his wife's bank statements reflecting significant wire transfers in 2021 totaling over $470,000. Defendant's testimony indicated that his wife, with whom he apparently lives, never worked. The wire transfers were made to her account from enterprises with which defendant was previously affiliated (i.e., MHA Israel LLC and Halman-Aldubi Institute). Plaintiffs complained that defendant had not adequately responded to various postjudgment subpoenas aimed [*3]at obtaining information relating to Sutton's expenses, lifestyle, and sources of income. Additionally, plaintiffs submitted evidence that, in August 2017, defendant satisfied a $740,000 judgment entered against him in Supreme Court, Kings County.
In reply, defendant submitted a brief affidavit in which he denied that he lived a lavish lifestyle, claimed that the disability insurance payments were his sole source of income, represented that his residential properties were in foreclosure, and asserted that he had satisfied the Kings County judgment with the proceeds of the sale of a parcel of real property. Defendant refuted plaintiffs' assertion that he had failed to comply substantially with plaintiffs' postjudgment subpoenas.
In their reply, plaintiffs submitted excerpts of defendant's 2023 deposition testimony, which was taken after they had made the cross-motion. During that deposition, he denied knowing why his wife had received significant funds from Halman-Aldubi and denied knowing the sources of the money that his wife had used to contribute toward household expenses.
Supreme Court granted defendant's motion and denied plaintiffs' cross-motion. The court, believing that our order determining the prior appeal compelled restitution, directed plaintiffs to return $176,904 to defendant. With respect to the aspect of plaintiffs' cross-motion seeking an installment payment order, the court concluded that "the record . . . does not establish that Sutton is receiving or will receive any of his wife's assets" (internal quotation marks omitted).
IV.
Plaintiffs argue that our order determining the prior appeal did not compel Supreme Court to grant defendant's motion for restitution; rather, that order determined that plaintiffs were not entitled to execute upon more than 10% of the income represented by Sutton's monthly disability insurance payments. Our order on the prior appeal, stress plaintiffs, was based on our interpretation and application of CPLR 5231 and Insurance Law § 3212, and did not address whether defendant should receive restitution. Regarding the merits of defendant's claim for restitution, plaintiffs highlight that the decision whether to grant such relief is discretionary and should be made, in the first instance, by Supreme Court.
Turning to that aspect of their cross-motion seeking an installment payment order, plaintiffs insist that they may employ both an income execution under CPLR 5231 and an installment payment order under CPLR 5226, and that the 10% limitation accompanying the former does not restrict the latter. Plaintiffs argue that defendant has been receiving (directly or indirectly through his wife) funds for which he has not accounted, and that he is living a comfortable existence that cannot be explained by the monthly disability insurance payments alone. Based on defendant's seemingly comfortable lifestyle and the limited information disclosed by defendant, plaintiffs request that we infer that he is receiving [*4]undisclosed income. In light of this inference, defendant should be required, at a hearing, to establish the amount of money he reasonably requires to live, and the appropriate amount of an installment payment order.
Defendant argues that our order determining the prior appeal compelled Supreme Court to grant his motion for restitution. Defendant notes that a litigant may be afforded restitution upon the reversal of a judgment that has been enforced against the litigant. Therefore, asserts defendant, he was properly awarded restitution under CPLR 5015(d), 5523, or both. Regarding plaintiffs' request for a CPLR 5526 installment payment order, defendant maintains that any funds exempt from execution such as 90% of his monthly disability insurance payments cannot be subject to such an order.
V.
A.
Initially, we agree with plaintiffs that our order determining the prior appeal did not compel Supreme Court to grant defendant's motion for restitution. In that order, we considered whether plaintiffs' restraining notice should be limited to 10% of defendant's monthly disability insurance payments, a question that required us to review the interplay of CPLR 5231(b) and Insurance Law § 3212(c)(2). As noted above, we concluded that, under CPLR 5231(b), plaintiffs were limited to restraining $1,800 of defendant's $18,000 monthly disability insurance payment because he was not left with less than $400. The subject of restitution was not raised by the parties on the prior appeal and we did not consider it. Following the issuance of our order determining the prior appeal, defendant made a motion in this Court for restitution; we denied that motion without prejudice to Sutton seeking that relief in Supreme Court. Plainly, therefore, our prior orders did not mandate restitution.
On the merits, CPLR 5015(d) provides that, "[w]here a judgment or order is set aside or vacated, the court may direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal."[FN1] Thus, "CPLR 5015[d] empowers a court that has set aside a judgment or order to restore the parties to the position they were in prior to its rendition, consistent with the court's general equitable powers" (10 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 5015.18). The essential inquiry for a court addressing a request for the equitable remedy of restitution is whether it is against equity and good conscious to permit a party to retain the money that is sought to be recovered (see Sperry v Crompton Corp., 8 NY3d 204, 215 [2007]; Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]). The determination whether to award restitution is committed to the trial court's discretion (Gaisi v Gaisi, 108 AD3d 687, 688 [2d Dept 2013]; see Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 925 [2d Dept 2022]; Jerusalem Ave. Taxpayer, LLC v Liberty Mut. Ins. Co., 175 AD3d 1178, 1178 [1st Dept 2019]).
Here[*5], Supreme Court granted defendant's motion for restitution, believing that it was compelled to do so by our prior order; the court did not exercise its discretion in considering whether restitution was warranted. We therefore remand the matter to Supreme Court for a hearing and determination on whether it is against equity and good conscience to permit plaintiff to retain the disputed funds.
B.
Remand is also necessary for a hearing and determination on plaintiffs' request for a CPLR 5226 installment payment order.
CPLR 5226 provides that, "[u]pon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is receiving or will receive money from any source . . . , the court shall order that the judgment debtor make specified installment payments to the judgment creditor." The statute further provides, in relevant part, that,
"[i]n fixing the amount of the payments, the court shall take into consideration the reasonable requirements of the judgment debtor and his [or her] dependents, any payments required to be made by him [or her] or deducted from the money he [or she] would otherwise receive in satisfaction of other judgments and wage assignments, the amount due on the judgment, and the amount being or to be received."
Put simply, an installment payment order "may be ordered when it appears that the judgment debtor is receiving or will receive income from any source, taking into consideration the reasonable requirements of the judgment debtor and his [or her] dependents" (Matter of Widder Bros. v Kaffee, 19 AD2d 817, 817 [1st Dept 1963]).
CPLR 5226 has a burden-shifting framework. The judgment creditor must show that the judgment debtor is receiving or will receive money from any source. If the judgment creditor makes that showing, the burden shifts to the judgment creditor to establish his or her reasonable requirements (and those of any dependents) (see Krebs v Cabrera, 78 AD3d 904, 905 [2d Dept 2010]; see also Matter of Balanoff v Niosi, 16 AD3d 53, 57, 62 [2d Dept 2005]). Subtracting the judgment debtor's reasonable requirements from the amount of money the judgment debtor is receiving or will receive should yield the amount available for installment payments (see Lowy v Bobker, 383 F Supp 2d 606, 614 [SD NY 2005]). Ultimately, "[t]he test is what the judgment debtor can reasonably afford to pay, taking into consideration [the debtor's] needs, those of [the debtor's] dependents, and other inroads on [the debtor's] income from other obligations" (Kaufman v Kaufman, 29 AD2d 922, 922 [1st Dept 1968]). A hearing may be directed to aid in the discretionary determination of a motion for an installment payment order (see Miller & Smith Foods, Inc. v Selmani, 170 AD3d 706, 706 [2d Dept 2019]; Matter of Southern Tier Masonry v Browning, 194 AD2d 983, 984 [3d Dept 1993]).
Here, plaintiffs made a showing that defendant is receiving money from one or more sources. In addition to the $18,000 per month [*6]disability insurance payments, plaintiffs showed that defendant's wife, who Sutton insists never worked, inexplicably received over $470,000 in 2021 from entities with which Sutton used to be affiliated, and that Sutton's wife contributed to the household expenses. In light of the broad language of CPLR 5226 "money from any source" which reflects the obvious intent of the Legislature to include all moneys coming into the hands of the judgment debtor (see Rabideau v Oswald, 78 AD2d 944, 944-945 [3d Dept 1980]; Bergman v Buechler, 249 AD 553, 555 [1st Dept 1937] [applying predecessor to CPLR 5226, Civil Practice Act § 793]), familial contributions to the judgment debtor may constitute money received (or to be received) by the debtor (see City of Albany Indus. Dev. Agency v Garg, 268 AD2d 784, 786 [3d Dept 2000]; Rabideau, 78 AD2d at 944; Bergman, 249 AD at 555). Additionally, plaintiffs showed that defendant was able to satisfy a $740,000 judgment. Plaintiffs therefore shouldered its burden to show that defendant is receiving or will receive money from any source.
The burden shifted to defendant to establish his reasonable requirements (and those of any dependents). Defendant's affidavit, while hardly overwhelming in detail, raises issues regarding his reasonable requirements and the appropriate amount, if any, of an installment payment order. A hearing is required to ascertain the amount of money defendant is receiving or will receive, the reasonable requirements of Sutton and his dependents, and the appropriate amount of an installment payment order (see Southern Tier Masonry, 194 AD2d at 984). That is to say, the court must determine, on a developed factual record, "what [defendant] can reasonably afford to pay, taking into consideration his needs, those of his dependents, and other inroads on his income from other obligations" (Kaufman, 29 AD2d at 922).
Contrary to defendant's contention that an installment payment order cannot be directed at funds exempt from execution under CPLR 5231 (i.e., 90% of his monthly disability insurance payments), such an order is the expedient for accessing exempt income (Matter of Balanoff, 16 AD3d at 62; see David D. Siegel & Patrick M. Connors, New York Practice § 511 [6th ed] ["the court can invade any part of the 90% [exempt income] that it finds unnecessary for the reasonable requirements of the judgment debtor and his [or her] dependents" (internal quotation marks omitted)]). As Professor Siegel stated long ago, "[o]ne of [CPLR 5226's] prime uses is in that situation . . . where it appears that the judgment debtor can afford more than the 10% to which the income execution is limited" (Yamamoto v Costello, 73 Misc 2d 592, 597 [Sup Ct, Nassau County 1973], quoting David D. Siegel, 1964 Supp Prac Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 5226, 1964 Supp Pamph at 113). Thus, "[t]he court on the [CPLR 5226] motion can direct the debtor to make regular payments to the judgment creditor in any sum [*7]it finds the debtor able to afford, not limited by the 10% that restricts the income execution of CPLR 5231" (David D. Siegel & Patrick M. Connors, New York Practice § 511 [6th ed]; see Richard C.Reilly, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5226:4).
VI.
We reverse the order granting defendant's motion for restitution and denying plaintiffs' cross-motion seeking an installment payment order, and remand the matter to Supreme Court for a hearing and discretionary determination of the issues discussed above.
Accordingly, the order of the Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 23, 2024, which granted defendant's motion for restitution to the extent of ordering that certain monies held in escrow in connection with an underlying judgment be released to him, and denied plaintiffs' cross-motion for an installment payment order, should be reversed, on the law, without costs, and defendant's motion and plaintiffs' cross-motion granted solely to the extent of remanding for further proceedings consistent with this decision.
Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 23, 2024, reversed, on the law, without costs, and defendant's motion and plaintiffs' cross-motion granted solely to the extent of remanding for further proceedings consistent with this decision.
Opinion by Higgitt, J. All concur.
Manzanet, J.P., Gonzalez, Scarpulla, Shulman, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025

Footnotes

Footnote 1: Defendant sought restitution under CPLR 5015(d), CPLR 5523, or both. Because CPLR 5523 addresses an appellate court's authority to order restitution, defendant's request before Supreme Court is properly considered under CPLR 5015(d). The standards and conditions for granting restitution are the same under both statutes (see Mark C. Dillon, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015:14; 10 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 5015.18).