■ NUTMEG FINANCIAL SERVICES, INC., Respondent, v GEOFFREY RICHSTONE, Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), dated November 22, 1991, which granted plaintiff's motion for an installment payment order pursuant to CPLR 5226, to the extent of directing defendant to make weekly payments to plaintiff of $700 toward satisfaction of a judgment entered March 23, 1988 in the amount of $279,479.43, unanimously affirmed. Order of the same court, also entered November 22, 1991, which, insofar as appealed from, denied defendant's cross motion pursuant to CPLR 5015 (a) (2) and (3), to vacate the judgment of March 23, 1988, unanimously affirmed. Respondent shall recover of appellant one bill of $250 costs and disbursements of these appeals.

The IAS Court's rejection of defendant's unsubstantiated contention that, as a physician in a private practice located within one of the most affluent parts of the City, he earns only $1,000 a week and that is his only source of income, and finding that defendant is rendering services without adequate

compensation in order to impede recovery of the judgment, are amply supported by the record, and thus it was not an abuse of discretion to grant an installment payment order in the amount of $700 a week as being "within the debtor's means." Nor was it an abuse of discretion to deny defendant's cross-motion to vacate the March 23, 1988 judgment upon the grounds of newly discovered evidence, fraud and misrepresentation, defendant having failed to demonstrate that the claimed newly discovered evidence, premised upon the alleged fraud and misrepresentation of other parties prior to defendant's obligation to pay on the underlying promissory note, was recently discovered or could not have been earlier discovered by the exercise of due diligence *(Cornwell v Safeco Ins. Co.,* 42 AD2d 127, 134).

Further, the Court notes appellant's repeated refusal to abide by a series of contempt orders issued by the Trial Justice and appellant's transfer of real property in violation of an outstanding temporary restraining order. Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.