■ LOCAL 798 REALTY CORP., Respondent, v 152 WEST CONDOMINIUM et al., Defendants, and 152 UNION REALTY, INC., et al., Appellants. [830 NYS2d 79]—

Order, Supreme Court, New York County (Karen S. Smith,

J.), entered March 28, 2006, which granted plaintiff's motion for partial summary judgment dismissing the first counterclaim, unanimously affirmed, with costs.

Plaintiff commenced this action in 2004, seeking, inter alia, "to rescind the unauthorized conversion [of the subject premises] into a commercial and residential condominium" and "to rescind certain contracts of sale improperly entered into in connection therewith." Plaintiff alleges that defendant Vincent Callaghan entered into a scheme with codefendants-appellants by which the subject building would be converted to a condominium and appellants would purchase three of the units, pursuant to separate contracts, at "sweetheart" prices.

Criminal charges were filed against Vincent Callaghan with respect to the condominium conversion, resulting in his plea of guilty to the class E felonies of falsifying business records in the first degree and offering a false instrument for filing in the first degree. Vincent admitted filing such false information with the Attorney General in an effort to obtain a "no action letter," which was subsequently revoked and deemed void ab initio. The condominium declaration was also terminated.

Plaintiff moved to dismiss the first counterclaim seeking specific performance of the contracts of sale, which purported to convey residential and commercial condominium units, in light of the revocation of the condominium declaration and the rescission of the "no action" letter, which effectively rendered plaintiff's performance impossible. The contracts all provide that "In the event such letter is not granted on or before February 27, 2004, either party shall have the right to cancel this contract." Since the "no action letter," premised on Vincent Callaghan's false admissions, was declared void ab initio by the Attorney General, plaintiff had the right to cancel the contracts pursuant to their express terms. Furthermore, there was no valid and existing condominium declaration. Plaintiff cannot convey a condominium whose existence is not recognized at law. Specific performance will not lie when a conveyance is impossible (see Matter of Wynyard v Beiny, 214 AD2d 344 [1995]). Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.