■ Nicholas Divito, Appellant, v Dennis J. Farrell et al., Respondents. [857 NYS2d 60]—

Appeal from order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 13, 2007, which denied plaintiff's motion for a preliminary injunction, unanimously dismissed as moot, with costs in favor of defendants, payable by plaintiff.

Plaintiff sought a declaratory judgment to bar termination of his rights in a certain company. His application for a temporary restraining order (TRO) and a preliminary injunction was granted only to the extent of temporarily enjoining the purchase of his shares in the company pending a hearing on the matter. At the conclusion of the hearing, the court denied preliminary injunctive relief and lifted the restraining order. Unable to obtain a stay of the court's decision, plaintiff was provided with written notice that pursuant to its rights and obligations under the 1990 shareholders' agreement, the company in which he

held shares intended to acquire his stock as soon as practicable. When he refused to cooperate in scheduling a closing of the transaction, a date for the closing was set. Plaintiff was again unable to procure a stay of the closing, and the transaction then took place.

Plaintiff now argues that the motion court erred in not granting injunctive relief, and that the subsequent closing was invalid because it purportedly violated the temporary restraining order, which, he maintains, was in effect until formally terminated by the entry of the court's written decision denying his motion for a preliminary injunction. He contends that he should have been granted the injunction because he satisfied all the requirements for such relief. However, the TRO was, by its terms, only in force pending the hearing of the motion, and further, the court announced its lifting of the restraint at the hearing. Plaintiff was unable to procure a stay of the impending acquisition of his shares, so defendants were not precluded from compelling their purchase (*see Da Silva v Musso*, 76 NY2d 436, 440 [1990]; *Sakow v 633 Seafood Rest.*, 1 AD3d 298 [2003]). Accordingly, the remedy plaintiff now seeks is a legal impossibility (*see Local 798 Realty Corp. v 152 W. Condominium*, 37 AD3d 239 [2007]), thus rendering moot the challenge to the denial of his motion for a preliminary injunction. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.