AmBase Corp. v Spruce Capital Partners LLC (2019 NY Slip Op 00352)





AmBase Corp. v Spruce Capital Partners LLC


2019 NY Slip Op 00352


Decided on January 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2019

Renwick, J.P., Manzanet-Daniels, Gische, Mazzarelli, Kahn, JJ.


8122 655031/17

[*1]AmBase Corporation, et al., Plaintiffs-Appellants,
v
Spruce Capital Partners LLC, et al., Defendants-Respondents, 111 West 57th Sponsor LLC, et al., Nominal Defendants.


Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for appellants.
Reed Smith LLP, New York (Louis M. Solomon of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 29, 2017, to the extent it granted defendants Spruce Capital Partners LLC and 111 W57 Mezz Investor LLC's (the Spruce defendants) motion to dismiss the second cause of action (for a declaratory judgment) pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs, and the appeal therefrom otherwise dismissed, without costs, as moot.
Insofar as plaintiffs seek a preliminary injunction, that remedy is "a legal impossibility," and the appeal is moot (Divito v Farrell, 50 AD3d 405, 406 [1st Dept 2008]; see Currier v First Transcapital Corp., 190 AD2d 507, 508 [1st Dept 1993] ["an injunction may not issue to prohibit a fait accompli"]). The strict foreclosure that plaintiffs sought to enjoin occurred more than a year ago, in late August or early September 2017, and we denied plaintiffs' motion for a stay, pending this appeal, of so much of the order as dissolved the TRO that had been granted (see 2018 NY Slip Op 61540[U] [Jan. 18, 2018]).
Plaintiffs' request for a declaratory judgment is not moot, because plaintiff 111 West 57th Investment LLC (Investment) might be entitled to damages from defendant 111 W57 Mezz Investor LLC (Junior Mezz Lender) if it is judicially determined that Investment had the right to object to the strict foreclosure pursuant to Uniform Commercial Code (UCC) § 9-620(a)(2)(B) (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812 [2003], cert denied 540 US 1017 [2003])[FN1]. However, the complaint, as currently pleaded, mentions neither damages nor a constructive trust. Similarly, the complaint does not allege that the Spruce defendants acted in bad faith because they colluded with other defendants who are not party to this appeal or that Investment was entitled to object to the strict foreclosure under UCC 9-621(a)(1). As plaintiffs recognize, they need to replead or amend. As the order appealed from does not
show that the dismissal was with prejudice, in and of itself, it does not prevent plaintiffs from [*2]moving for leave to amend or supplement the complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 17, 2019
CLERK



Footnotes

Footnote 1: Plaintiff AmBase Corporation — Investment's parent — does not explain why it (as opposed to Investment) has standing. For example, it does not contend that Investment's corporate veil should be reverse-pierced to benefit it (AmBase). Therefore, at a minimum, the motion court correctly dismissed AmBase's claims.
Plaintiffs do not contend that the motion court erred in dismissing their claims against Spruce Capital because they failed to show why Junior Mezz Lender's corporate veil should be pierced.