Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust (2023 NY Slip Op 02941)

Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust

2023 NY Slip Op 02941

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Index No. 157203/21 Appeal No. 375 Case No. 2021-04539 

[*1]George E. Kazantzis etc., Plaintiff-Appellant,
v
Cascade Funding RM1 Acquisitions Grantor Trust et al., Defendants-Respondents.

Smith Buss & Jacobs, LLP, Yonkers (Eric P. Blaha of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners PLLC, Westbury (Joseph F. Battista of counsel), for respondents.

Appeal from order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about December 6, 2021, which denied plaintiff's motion for a preliminary injunction, unanimously dismissed, without costs, as moot.
"[M]ootness is a doctrine related to subject matter jurisdiction and thus must be considered by the court sua sponte" (Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 72 NY2d 307, 311 [1988], cert denied 488 US 966 [1988]; see Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 753 [1st Dept 2012], affd 20 NY3d 919 [2012]). Here, the foreclosure sale that plaintiff sought to preliminarily enjoin had already occurred by the time that Supreme Court signed the proposed order to show cause and issued a temporary restraining order. After entry of the order for review, a Justice of this Court denied plaintiff's application to stay defendants from proceeding with any sale or transfer of interest in the apartment pending the determination of his motion for such a stay pending appeal; this Court later denied plaintiff's motion (2022 NY Slip Op 60805[U] [1st Dept 2022]). According to the NYSCEF record of this case in Supreme Court — of which we may take judicial notice (see 1591 Second Ave. LLC v Metropolitan Transp. Auth., 202 AD3d 582, 583 [1st Dept 2022]; Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1026 n [1st Dept 2021]) — the apartment was then resold, to defendants themselves, at another foreclosure sale on June 15, 2022. Because "an injunction may not issue to prohibit a fait accompli" (Currier v First Transcapital Corp., 190 AD2d 507, 508 [1st Dept 1993]), the relief that plaintiff seeks "is 'a legal impossibility,' and the appeal is moot" (AmBase Corp. v Spruce Capital Partners LLC, 168 AD3d 514, 515 [1st Dept 2019], quoting Divito v Farrell, 50 AD3d 405, 406 [1st Dept 2008]).
As an alternative holding, we find that plaintiff's motion was properly denied. "To be entitled to a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury if provisional relief is not granted and (3) that the equities are in his favor" (J. A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 406 [1986]; see CPLR 6301, 6312[a]; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
Here, Supreme Court providently exercised its discretion in finding that plaintiff failed to satisfy any of the criteria for a preliminary injunction, and we see no need to exercise our discretion differently (see Matter of Attorney-General of State of N.Y. v Katz, 55 NY2d 1015, 1017 [1982]; Southard v Salerno, 113 AD2d 927, 928 [2d Dept 1985]; cf. Estate of Ungar v Palestinian Auth., 44 AD3d 176, 179 [1st Dept 2007]). First, plaintiff failed to establish his likelihood of success on the merits by clear and convincing evidence given the existence of issues of fact as to how both to interpret [*2]the relevant documents and to reconcile the parties' competing interpretations thereof. Second, plaintiff has failed to show irreparable harm, as he has only a financial interest in the apartment, given that he does not reside there or have some other personal, sentimental, familial, or otherwise unquantifiable interest therein. Therefore, he can be fully compensated by money damages if he prevails (see Avenue A. Assoc. LP v Board of Mgrs. of the Hearth House Condominium, 190 AD3d 473, 474 [1st Dept 2021]; Broadway 500 W. Monroe Mezz II LLC v Transwestern Mezzanine Realty Partners II, LLC, 80 AD3d 483, 484 [1st Dept 2011]). Finally, plaintiff failed to establish that the balance of the equities is in his favor, particularly given his delays in seeking injunctive relief from Supreme Court and in prosecuting this appeal (see Mercury Serv. Sys. v Schmidt, 50 AD2d 533, 533 [1st Dept 1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023