# DKC Group Holdings, LLC v Reece, Inc.

2024 NY Slip Op 33825(U)

October 25, 2024

Supreme Court, New York County

Docket Number: Index No. 655014/2024

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MELISSA A. CRANE                    PART          60M

*Justice*

-----------------------------------------------------------------------------X

DKC GROUP HOLDINGS, LLC,DANA KEPNER
COMPANY, LLC

INDEX NO.          655014/2024

MOTION DATE          09/30/2024

Plaintiff,

MOTION SEQ. NO.          001

- v -

REECE, INC.,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 23, 25, 26, 27, 28, 29, 30, 32, 46, 47, 48, 49, 50

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

Upon the foregoing documents, it is

Plaintiff seeks a preliminary injunction: (1) stopping defendant and defendant's affiliates from soliciting or hiring any of plaintiff's employees, (2) preventing defendant and defendant's affiliates from soliciting plaintiff's clients, customers or vendors and (3) precluding defendants and their affiliates from using plaintiff's confidential information.

For the reasons discussed on the record, the court grants that part of plaintiff's application seeking an order preventing defendant and defendant's affiliates from soliciting plaintiff's employees. First and foremost, defendant Reece, Inc. signed an agreement with plaintiff on February 11, 2022 (later extended by Amendment to January 26, 2026). In that agreement Reece agreed not to:

> "solicit for employment or employ any director, officer or employee of the Company [ie plaintiff] or any of its subsidiaries. The preceding sentence does not prohibit you from making general solicitations for employment by means of advertisements, public notices, or internal or external websites or job search engines that, in each case, are not directly or indirectly targeted at the Company or a director, officer or employee of the Company or any of its subsidiaries."

**655014/2024   DKC GROUP HOLDINGS, LLC ET AL vs. REECE, INC.**
**Motion No.  001**

**Page 1 of 4**

At the hearing today, plaintiff established a likelihood of success that it will be able to prove that defendant violated this provision. Plaintiff's Ex. P is a recent email dated 9/11/2024 in which Bill Reno, plaintiff's former employee, sent Tommy Leaf, defendant's HR director, a list of persons who remained at plaintiff to target for employment with defendant. This email was sent as mass defections from plaintiff were occurring. Plaintiff's representative, Jack Schaller, testified that the resignations came in large groups over several days, all the week of September 9, 2024. The resignations were effective immediately, which Schaller testified was unusual. Most went into defendant's affiliates employ.

Defendant concurred that these employees were not particularly in possession of a unique skill set. Therefore, defendant's motivation in targeting plaintiff's employees is suspect. Defendant could have hired any reasonably competent adult to fill these spots. Why hire a massive number of people from plaintiff? Was it to cause disruption to a competitor?

Therefore, not only is plaintiff likely to prevail in demonstrating that defendant breached its contractual promise not to solicit plaintiff's employee's, but the balance of the equities favors plaintiff. The disruption to plaintiff's business is irreparable harm. Accordingly, the court grants that part of plaintiff's motion to stop defendant from directly soliciting plaintiff's employees.

However, the court stops short at direct solicitation. The parties' agreement allows for indirect solicitation that is general in nature (see above language). Therefore, should an employee of plaintiff come in defendant's door through an indirect solicitation, there is no breach of the agreement. Forbidding defendant from employing plaintiff's employees altogether would render the general solicitation carve out illusory. Therefore, the court denies that part of plaintiff's motion seeking an injunction against defendant hiring any employees of plaintiff.

**655014/2024   DKC GROUP HOLDINGS, LLC ET AL vs. REECE, INC.**               **Page 2 of 4**
**Motion No.  001**

[* 2]

The agreement also precludes defendant from using plaintiff's confidential information "that may be provided to you. . .by or on behalf of the Company" including material provided for defendant to evaluate whether it wanted to purchase plaintiff. Therefore, defendant cannot use any information it may have fitting this description. Defendant claims it never received any such information, so it should not be difficult to comply with this directive.

Defendant also claims that it is its affiliate Fortiline who is soliciting plaintiff's employees, not defendant itself. As the agreement includes affiliates, this argument is not convincing.

However, the court denies that part of the motion that seeks an order preventing defendant and defendant's affiliates from soliciting plaintiff's clients, customers or vendors. First, the agreement does not preclude approaching clients, customers or vendors. Many of the clients are also defendant's. To the extent that certain employees, like Reno or Flick, have non competes with plaintiff, that dispute is before a different court in Arizona. It is not a basis to block defendant from contact in this case. Moreover, should plaintiff lose business because defendant solicited one of plaintiff's customers, that loss is compensable with money damages. This provides an additional reason not to issue an injunction (see *Kazantzis v. Cascade Funding RM1 Acquisitions Grantor Tr.*, 217 A.D.3d 410, 412 [1st Dep't 2023]).

Nevertheless, defendant is reminded it may not use any confidential information it obtained from plaintiff, either through the evaluation process or from defecting employees who may have breached their own agreements with plaintiff, to approach these clients, customers or vendors. The court has considered the remaining contentions of the parties and finds them unavailing.

**655014/2024   DKC GROUP HOLDINGS, LLC ET AL vs. REECE, INC.**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

[* 4]

Accordingly, it is

ORDERED THAT the clerk is directed to restore motion 1; and replace EDOC 23 with this decision and order; and it is further

ORDERED that the temporary restraining order [EDOC 32] is vacated to the extent inconsistent with this decision and order; and it is further

ORDERED THAT defendant directly or through its affiliates is preliminarily enjoined from directly soliciting any of plaintiff's directors, officers or employees; and it is further

ORDERED THAT defendant is precluded from using plaintiff's confidential information; and it is further

ORDERED THAT plaintiff's remaining requests for injunctive relief are denied.

20241025175957MACRANED5BF289E0D9F4CF1AF470BA8F3A873C8

| | | |
|---|---|---|
| **10/25/2024** | | |
| **DATE** | | **MELISSA A. CRANE, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655014/2024   DKC GROUP HOLDINGS, LLC ET AL vs. REECE, INC.**
**Motion No.  001**

Page 4 of 4

4 of 4