**Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust**

2024 NY Slip Op 34341(U)

December 12, 2024

Supreme Court, New York County

Docket Number: Index No. 157203/2021

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LESLIE A. STROTH            PART            12M

                                                    *Justice*

-------------------------------------------------------------------------X

GEORGE E. KAZANTZIS, EXECUTOR OF THE ESTATE
OF DAVID N. EDELSTEIN,

                                  Plaintiffs,

                    - v -

CASCADE FUNDING RM1 ACQUISITIONS GRANTOR
TRUST and WILMINGTON SAVINGS FUND SOCIETY,
FSB, as Trustee for Cascade Funding RM1 Acquisitions
Grantor Trust,

                                  Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157203/2021 |
| MOTION DATE | 12/15/2022 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 1, 8, 12, 13, 16, 47, 48, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 168, 169, 170

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

This is an action arising out of a property dispute. Pursuant to CPLR § 3212, defendants

move for summary judgment to dismiss the complaint, and plaintiff opposes the motion.

## Background

This lawsuit concerns a cooperative corporation located at 1040 Park Avenue, New York,

New York ("the building") (complaint, NYSCEF Doc No. 1 ¶ 5). The Estate of David N.

Edelstein ("the estate") is a shareholder and lessee of apartment 11C in the building, and the

lease expires on September 30, 2065 (*see* Lease, NYSCEF Doc No. 8). Florence Koch Edelstein

("Florence"), Jeffrey Edelstein ("Jeffrey"), and Jonathan Edelstein ("Jonathan") were appointed

executors of the estate (Will, NYSCEF Doc No. 128). Upon the death of Jonathan in February

2005, Richard Janvey ("Richard") was appointed as co-executor in place of Jonathan

(defendants' affirmation of material facts, NYSCEF Doc No. 125). Upon the death of Jeffrey in

[* 1]

September 2008, the New York County Surrogate's Court appointed plaintiff George E. Kazantzis ("plaintiff") as Florence's co-executor in March 2017 and granted Richard leave to resign as co-trustee (*id.* ¶¶16-18, *see* Surrogate's Court Certificate of Appointment, NYSCEF Doc No. 131). Florence passed away in April 2018, leaving plaintiff as sole executor of the estate (NYSCEF Doc No. 125 ¶ 30).

On September 21, 2007, the estate executed an adjustable-rate reverse mortgage loan note ("note"), in the principal amount of $1,801,338, with Financial Freedom Senior Funding Cooperation ("Financial Freedom") as the lender (NYSCEF Doc No. 1 ¶ 8). At the same time, the estate also made a loan security agreement ("agreement") with the lender (*id.* ¶ 9). Under the loan agreement, repayment of the loan was required upon the occurrence of a maturity event, such as the sale or transfer of the apartment or the death of the borrower, or by September 30, 2065, whichever occurred first (*id.* ¶¶ 10, 15). On December 10, 2009, Financial Freedom recorded a UCC3 financing statement with the New York City Register at CRFN 2009000423866. Subsequently, Financial Freedom assigned the note and agreement to defendant Cascade Funding RM1 Acquisitions Grantor Trust ("Cascade") (NYSCEF Doc No. 1 ¶ 17). Cascade initiated a UCC3 Assignment Statement, which was dated and recorded on July 2, 2021, in the New York City Register at CFRN 2021000253783 (*id.* ¶ 18) pursuant to which Wilmington Savings Fund ("FSB") served as trustee for Cascade (*id.*).

As stated, the loan agreement was to expire before September 30, 2065, if a maturity event occurred. On September 22, 2020, a law firm representing Celink, a servicer for Cascade, issued a letter to the estate stating that Celink intended to commence legal proceedings to foreclose on the loan (*see* Letter, NYSCEF Doc No. 12). Defendants state that there were two bases for its decision to foreclose. First, according to the Note, a maturity event occurs when

157203/2021   GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1
Motion No. 004

Page 2 of 9

2 of 9

"[a]ll borrowers [cease] to use the Apartment as their principal residence" (Note, NYSCEF Doc No. 134 ¶ 6). Upon Florence's death, the apartment was not being used as the principal residence of any signatories on the note and agreement or the estate itself; hence, according to defendants, when Florence died, a maturity event had occurred. Second, defendants argue that the estate was in default of the lease, with an outstanding balance of $265,275.97 in maintenance arrears as of September 1, 2022 (Billing Statement, NYSCEF Doc No. 139 at 11).

Between January 2021 and March 2021, the estate and defendants "negotiated the assignment, sale or satisfaction of the loan" (NYSCEF Doc. No. 1 ¶ 23), and on June 8, 2021, defendants' attorneys emailed a notice that there would be a foreclosure sale on August 5, 2021 (*id.*, ¶24; *see* Emails, NYSCEF Doc No. 16). Plaintiff alleges that the negotiations were unsuccessful. On August 3, 2021, defendants' counsel reaffirmed via email that the foreclosure sale would proceed on the scheduled date, but the note did not indicate the time or place for the sale (NYSCEF Doc No. 1 ¶ 26).

Plaintiff's first cause of action is for a declaratory judgment "(a) that it is not in material breach under the subject Loan Agreement; (b) that the maturity date under the Loan Agreement comports to the term of the Lease, subject to earlier cancelation or termination; and (c) that default has occurred under the Loan Agreement" (NYSCEF Doc. No. 1, ¶ 31). Plaintiff's second cause of action seeks a preliminary and permanent injunction preventing defendants or its agents from interfering with plaintiff's rights in any respect, including by moving forward with a foreclosure sale.

As is relevant here, in motion sequence 001, the court denied plaintiff's motion for a preliminary injunction, stating that plaintiff did "not dispute that an event of maturity occurred, namely, that the apartment was and is not occupied following the death of the last note-holder, he

157203/2021  GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1       Page 3 of 9
Motion No. 004

3 of 9

does not establish that his cause of action for a declaratory judgment has merit" (Order, NYSCEF Doc No. 47 at 1). Plaintiff appealed this decision (*see* appeal, NYSCEF Doc No. 48), and the First Department dismissed the appeal. The court stated that plaintiff's application for an injunction staying the sale of the apartment was moot, as the sale had taken place (*Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, et al.* 217 AD3d 410, 411 [1st Dept 2023], [NYSCEF Doc No. 169 at 3]). Alternatively, the court stated, it would have ruled against the injunction because plaintiff failed to establish his likelihood of success on the merits, had not shown by clear and convincing evidence that there were issues of fact, that irreparable harm existed, or that the equities favored plaintiff (*id.* at 412). Presently, defendants move for summary judgment dismissing the complaint with prejudice.

## Discussion

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If the moving party tenders sufficient evidentiary proof, the opposing party must proffer its own evidence to show disputed material facts requiring a trial (*id.*). However, the reviewing court should accept as true both the opposing party's evidence and any evidence proffered by the movant that favors the opposing party (*Aguilar v City of New York*, 162 AD3d 601, 601 [1st Dept 2018]). Further, the court should give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]).

*First Cause of Action*

The first cause of action for declaratory judgment is twofold, as it seeks declaratory judgments that the estate is in compliance with the terms and conditions of the loan and that the

**157203/2021   GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1**
**Motion No.  004**

Page 4 of 9

[* 4]

loan should conform to the maturity date in the lease. In support of this prong of their application, defendants point to the terms and conditions section of the loan agreement, which states that, among other things, maturity occurs upon the death of the last living borrower or when all borrowers stop using the apartment as their principal residence (NYSCEF Doc No. 134 at 5). Plaintiff argues that the terms of the loan are ambiguous, because the two maturity events apply to an individual borrower, not the estate as a borrower. In plaintiff's view, Florence was not the borrower since she was an executor. Instead, plaintiff argues that the borrower is the estate. Plaintiff argues that this presents a factual issue as the estate itself cannot die. Defendants also state that the estate was in default for failing to make maintenance payments. Plaintiff argues that this is a curable default and that it was entitled to notice to cure and a reasonable period of time to cure.

The court rejects plaintiff's argument that the loan terms are ambiguous. As the First Department stated, in the initial application, plaintiff did not show by clear and convincing evidence that issues of fact existed "as to how both to interpret the relevant documents and to reconcile the parties' competing interpretations thereof" (*Kazantzis*, 217 AD3d at 411). In this current motion, plaintiff has not overcome this hurdle. The note explicitly states that a maturity event occurs if the borrowers cease to use the apartment as a principal residence (NYSCEF Doc No. 134 at 5). The note is signed by Florence, Jeffrey, and Richard in their capacity as trustees and executors. All the signatories are now deceased, and, for obvious reasons, they do not reside at the apartment. Plaintiff asks the court to reinterpret the plain language of the agreement to include the estate as a borrower. However, the court "may not rewrite the plain contractual language" (*B.D. v E.D*, 218 AD3d 9, 18 [1st Dept 2023]). Furthermore, the "[m]ere assertion that contractual language is ambiguous is insufficient to raise an issue of fact" (*Crenulated Co. v City*

157203/2021   GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1          Page 5 of 9
Motion No.  004

5 of 9

*of New York*, 244 AD2d 191, 191 [1st Dept 1997]). The court denies plaintiff's request for a declaratory judgment that the estate is in compliance with the terms and conditions of the loan.

Second, defendants stress that plaintiff provides no legal basis for its position that the loan must conform with the lease, which expires on September 30, 2065. It disputes plaintiff's position that this would allow the estate to continue to possess the apartment under the theory that the estate is a borrower of the loan. The note states that it is secured by the loan agreement (Note, NYSCEF Doc No. 134 at 1), and that the agreement acts a first lien security interest in the lease (Agreement, NYSCEF Doc No. 135 at 3). Furthermore, the lease states:

> "This lease is and shall be subject and subordinate to the mortgages now a lien upon the property and to any and all extensions, modification, and renewals and replacements thereof and this lease shall be subject and subordinate to the lien of any other mortgage or mortgages which shall at any time be placed on the property" (Lease, NYSCEF Doc No. 8 at 11).

Defendants argue that by the express terms of the lease, the agreement, and the note, the lease is not collateral for the note and agreement; hence, the loan's maturity date does not have to parallel the lease's expiration date of 2065. Plaintiff disagrees under the theory that because the estate is the last borrower on the note, a maturity event has not occurred. Thus, according to plaintiff, the estate has the right to continue to possess the apartment through September 30, 2065, the date listed in the lease. Plaintiff states that there is nothing contrary to this in the note terms.

The court rejects plaintiff's position based on its review of the lease terms describing the lease's subordination to the mortgage (*see* Lease, NYSCEF Doc No. 8 at 11), and the note terms describing maturity events (*see*, Note, NYSCEF Doc No. 134 ¶ 6). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties'

**157203/2021 GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1** **Page 6 of 9**
**Motion No. 004**

6 of 9

[* 6]

reasonable expectations," and a lease is to be interpreted like any other contract (*112 W. 34th St. Assocs., LLC v 112-1400 Trade Props. LLC*, 95 AD3d 529, 531 [1st Dept 2012]). As stated above, there is no language in the loan documents to suggest that the estate is viewed as a party in addition to the three signing parties. Thus, a maturity event occurred after the last signatory died, and the estate had no right to continue to possess the apartment. Plaintiff's request for a declaration that the mortgage must conform to the lease's expiration date of 2065 is an attempt to circumvent the maturity event. This is contradictory to the terms of the lease that it is subordinate to the mortgage. This court shall not interpret the "agreement as impliedly stating something which the parties have neglected to specifically include" (*Bazin v Walsam 240 Owner, LLC*, 72 AD3d 190, 195 [1st Dept 2010]). Accordingly, the court grants the prong of defendants' motion for summary judgment dismissing the request for a declaratory judgment that the loan must conform to the expiration date within the lease.

Next, defendants argue that plaintiff's argument that the note and agreement do not conform with the lease is time barred under the six-year statute of limitations for an action based upon mistake in a note or mortgage. Although the note and agreement were executed in 2007, more than six years before plaintiff started this action, plaintiff does not predicate his legal theory on a mistake. Instead, plaintiff's theory is that defendants have misinterpreted the note and agreement. Because mistake is not at issue, the court denies this prong of defendants' motion.

*Second Cause of Action*

As to the second cause of action, defendants state that plaintiff's claim is moot since the apartment was sold on July 2, 2021 (Terms of Sale, NYSCEF Doc No. 142). Plaintiff argues

that, although the First Department already ruled that this cause of action is moot, the court should revisit the issue. According to plaintiff, the current executor of the estate:

> Notwithstanding that purported sale, the Estate continues to own the shares of stock and proprietary lease appurtenant to the Apartment. I am not aware, and was not given notice, that either the stock certificate nor the proprietary lease had been transferred to any other party, and I continue to receive bills for maintenance charges from the Cooperative on behalf of the Estate. This means that the Estate retains its interest in the Apartment (Affidavit, NYSCEF Doc No. 162 ¶ 26).

Plaintiff argues that because defendants do not assert that a third party has purchased the apartment, the issue is not moot. Plaintiff again focuses on the Court's language that states, "plaintiff failed to establish his likelihood of success on the merits by clear and convincing evidence *given the existence of issues of fact* as to how both to interpret the relevant documents and to reconcile the parties' competing interpretations" (*Kazantzis,* 217 AD3d at 411 [emphasis supplied]). Plaintiff misinterprets the court's decision, however. First, the holding of the decision is that the matter is moot. The language plaintiff quotes is part of "an alternative holding" (*id.*). Second, the quoted sentence does not indicate that factual issues exist, but instead indicates that plaintiff has not provided clear and convincing evidence that issues of fact exist as to these matters. Third, as part of the basis of its alternative holding, the First Department stated that equitable relief was unnecessary because plaintiff can be compensated fully through monetary relief. Thus, the argument lacks merit.

Plaintiff next asserts that, despite the above, the matter is not moot because if the court finds that the reverse mortgage loan is void and unenforceable (*see* Memorandum of Law in Opposition, NYSCEF Doc No. 160 at 6), it can order defendants to remit possession of the apartment. However, this was premised on the conclusion that the apartment had not been sold. The enforceability of the mortgage is not before the court.

**157203/2021 GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1** Page 8 of 9
**Motion No. 004**

8 of 9

[* 8]

Lastly, plaintiff argues that he was given no notice of the sale of the apartment, but by plaintiff's own admission, plaintiff received a letter from a law firm announcing the commencement of legal proceedings to foreclose on the apartment (NYSCEF Doc No. 162 ¶ 13; *see* Letter, NYSCEF Doc No. 12). The agreement only requires 10 days-notice of any sale (NYSCEF Doc No 135 ¶ 11). Plaintiff has provided emails in which the law firm advised plaintiff in June 2021 that the foreclosure sale was scheduled for August 5, 2021 (emails, NYSCEF Doc No. 16), which is more than 10 days in advance. Plaintiff further argues that the estate was not given notice or time to cure its default in payments; however, this is irrelevant as the defendants foreclosed on the property due to a maturity event rather than payment default. Plaintiff has not demonstrated that defendants failed to give necessary notices and has failed to provide evidence that would raise a genuine issue of material fact in response to defendants' evidence (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

For the reasons stated above, the court grants defendants' motion for summary judgment on the second cause of action.

Accordingly, it is hereby

ORDERED that defendants' motion for summary judgment is granted and the action is dismissed.

The foregoing constitutes the decision and order of the Court.

DATE: 12/12/2024                                     HON. LESLIE A. STROTH
                                                                        J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |

157203/2021   GEORGE E. KAZANTZIS, vs. CASCADE FUNDING RM1                Page 9 of 9
Motion No.  004

9 of 9