**Spence v Brosnan Risk Consultants, Ltd.**

2025 NY Slip Op 31648(U)

May 6, 2025

Supreme Court, New York County

Docket Number: Index No. 651698/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

KAREEM SPENCE, on behalf of himself and of all other persons similarly situated,

|  |  |  |
|---|---|---|
| | **INDEX NO.** | 651698/2023 |

Plaintiff,

| | **MOTION DATE** | 12/24/2024 |
|---|---|---|

- v -

| | **MOTION SEQ. NO.** | 004 |
|---|---|---|

BROSNAN RISK CONSULTANTS, LTD.,

Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 107

were read on this motion to/for _____STAY_____.

In this class action alleging various violations of the New York Labor Law, nonparties Yvette Walker ("Walker"), Orlando Cottman ("Cottman"), and Diane Reno ("Reno") (collectively "Proposed Intervenors") move for an order staying this action pending their appeal of the Court's December 17, 2024 Decision and Order that denied their motion to intervene (NYSCEF Doc. No. 84, "December 2024 Decision").  Named Plaintiff Kareem Spence ("Plaintiff") and defendant Brosnan Risk Consultants, Ltd. ("Defendant") oppose the motion.

The Court incorporates by reference the facts set forth in the December 2024 Decision. In relevant part, Plaintiff first commenced this action on April 4, 2023, asserting claims related to uniform maintenance pay and spread of hours pay on behalf of himself and his class.  Thereafter, on May 10, 2023, Proposed Intervenors Walker and Cottman, along with another individual, commenced a putative nationwide class action against Defendant in federal court ("Federal Action") for alleged violations of the Fair Labor Standards Act and the labor laws of 27 states

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**
**Motion No.  004**

**Page 1 of 4**

1 of 4

(NYSCEF Doc. No. 53, "Federal Complaint"). The Federal Complaint alleged that Walker worked for Defendant in New York and that she and others similarly situated were entitled to relief under the New York Labor Law.

The parties to this action reached a class-wide settlement in principal after a mediation held on May 1, 2024. The settlement resolved all wage and hour claims that Plaintiff and the class could have asserted under the Labor Law, not just the uniform maintenance and spread of hours claims. The next day, Defendant's counsel notified the Federal Action plaintiffs' counsel about the settlement. The Proposed Interventors filed their prior motion, Motion Sequence 002, on July 3, 2024. Defendant signed the Settlement Agreement for this action on July 16, 2024 (NYSCEF Doc. No. 62, "Settlement Agreement"). Plaintiff thereafter filed an Amended Complaint (NYSCEF Doc. No. 51) to add additional wage claim causes of action, and signed the Settlement Agreement the following day on August 16, 2024. The Settlement Agreement includes a release of all state law claims, including all Labor Law claims, by any class member who does not opt out of the settlement (Settlement Agreement ¶¶ 1.27, 4.1[A]).

In Motion Sequence 002, the Proposed Intervenors argued that they did not become aware of this action until May 2, 2024 when Defendant's counsel informed their counsel of this action's settlement. Although they did not object to settlement of the uniform maintenance pay and spread of hours claims in this action's original Complaint, they opposed the addition of other Labor Law claims in the Amended Complaint and their release in the Settlement Agreement, arguing that they would be precluded from pursuing those claims in the Federal Action. They argued that the value of those claims in the Federal Action is significantly higher than the $2.1 million provided for in the Settlement Agreement, and that Defendant delayed settlement

651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.          Page 2 of 4
   Motion No. 004

[* 2]                                      2 of 4

discussions in the later-filed Federal Action to undercut that case in agreeing to a low-ball settlement of this action.

The Court found that Cottman and Reno did not have a bona fide interest in this action as they did not work in New York during the period at issue (December 2024 Decision at 5). The Court further found that, although Walker has an interest in this action as a class member, her concerns amounted to "a dissatisfaction with the proposed settlement" which were "largely speculative and based on the Proposed Intervenors' own analysis of a small sample of individuals' claims in their national class," and that such concerns were "more appropriately addressed by objecting to the settlement at the proper time or opting out of the settlement before its final approval" (*id.*). The Court also granted Plaintiff's motion for preliminary approval of the Settlement Agreement, provisional certification of a settlement class, appointment of class counsel, approval of class notice, and scheduling of a fairness hearing. The fairness hearing was then scheduled for May 14, 2025.

The Proposed Intervenors appealed the December 2024 Decision (NYSCEF Doc. No. 90). They now move for a stay of proceedings in this action. A party seeking a stay pending appeal must demonstrate probability of success on the merits of the underlying appeal, danger of irreparable injury absent a stay, and a balance of the equities or public interest favoring a stay (*Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust*, 217 AD3d 410, 411 [1st Dept 2023], quoting *J.A. Preston Corp. v Fabrication Enters.*, 68 NY 397, 406 [1986]). The Proposed Intervenors argue that they are likely to prevail on appeal because of alleged substantive and procedural defects with the Settlement Agreement, that they will be irreparably injured absent a stay because objecting at the fairness hearing is an inadequate substitute for intervening as they will not be able to investigate the alleged defects, and that the balance of equities favors them

651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.
Motion No. 004

Page 3 of 4

3 of 4

[* 3]

because they have made the minimum showing that the settlement jeopardizes their claims in the Federal Action.

The Court finds that the Proposed Intervenors fail to satisfy the requirements for a stay pending an appeal. They do not demonstrate likelihood of prevailing on appeal as they raise substantially the same arguments about the Settlement Agreement that the Court rejected in the December 2024 Decision as amounting to dissatisfaction with the settlement. Their claim that the Settlement Agreement was the result of a "reverse auction" amounts to speculation and is unsupported by the record. The Proposed Intervenors also fail to demonstrate irreparable injury or show that the balance of equities favors a stay. Two of the Proposed Intervenors, Cottman and Reno, have no interest in this action as they are not alleged to have worked in New York during the subject period and their claims in the Federal Action are therefore not affected by the Settlement Agreement. As to Walker, they fail to demonstrate that her rights are not protected by the class procedures in this action. As class members in the present case, Walker and those similarly situated can either object to the Settlement Agreement or opt out and pursue their New York claims separately absent a stay.

Accordingly, it is hereby:

ORDERED that the motion is denied.

| 5/6/2025 | | |
| --- | --- | --- |
| **DATE** | | **LORI S. SATTLER, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651698/2023   SPENCE, KAREEM ET AL vs. BROSNAN RISK CONSULTANTS, LTD.**          **Page 4 of 4**
**Motion No.  004**