Astraea NYNY LLC v Ganley (2025 NY Slip Op 05915)

Astraea NYNY LLC v Ganley

2025 NY Slip Op 05915

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 650082/21|Appeal No. 5048-5049-5050|Case No. 2024-00406, 2024-02296, 2024-04014, 2024-07940|

[*1]Astraea NYNY LLC, Plaintiff-Respondent,
v
Declan Ganley, Defendant-Appellant. 

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York (Richard C. Schoenstein of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about December 8, 2023, which granted plaintiff's contempt motion, unanimously affirmed, with costs. Order, same court and Justice, entered on or about March 21, 2024, which denied defendant's motion for a declaration that the judgment in this action be deemed satisfied, unanimously affirmed, with costs, without prejudice to defendant making a motion for a declaration that the judgment has been partially satisfied. Order, same court and Justice, entered May 14, 2024, which, insofar as appealed from, directed defendant to make installment payments of $20,000 a month to plaintiff, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about November 12, 2024, which increased the amount of the daily sanction against defendant, unanimously dismissed, without costs, as academic.
In the December 2023 order appealed from, Supreme Court properly granted plaintiff's contempt motion. Defendant was held in contempt for disobeying an October 2023 order that directed him to turn over a pub, four acres of farmland in Ireland, five vehicles, and a certain amount of money held in a bank account.
First, defendant contends that the underlying October 2023 order was jurisdictionally defective because Supreme Court could not direct him to turn over real property in Ireland. New York has jurisdiction over defendant pursuant to the loan agreements and the confession of judgment that he signed. To the extent the October 2023 order directed turnover of real property, it was merely erroneous rather than jurisdictionally defective, which does not give defendant the freedom "to disregard it and decide for himself the manner in which to proceed" (Matter of Brostoff v Berkman, 79 NY2d 938, 940 [1992] [internal quotation marks omitted], cert denied 506 US 861 [1992]; see Gottlieb v Gottlieb, 137 AD3d 614, 618 [1st Dept 2016]). Even if the first part of the October 2023 order directing turnover of real property was erroneous, defendant still was required to comply with the latter part of the order directing turnover of money and personal property.
Second, defendant contends that the court was required to hold a hearing before issuing the December 2023 contempt order. The court was not required to hold a such a hearing because defendant's opposition to the motion did not "raise a factual dispute as to the elements of civil contempt, or the existence of a defense" (El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2d Dept 2013], affd 26 NY3d 19 [2015]). Plaintiff submitted proof that it had offered to allow defendant to sell the vehicles in Ireland and remit the sales proceeds. In opposition, defendant merely stated, "I do not agree with [plaintiff] about the valuation, collectability, or the method of distributing" the vehicles. Defendant's opposition does not establish that defendant was unable to comply with the October 2023 order (El-Dehdan, 26 NY3d at 36 ["[v]ague and conclusory allegations of . . . inability to . . . perform are not acceptable"] [internal quotation marks omitted]).
Third, defendant contends that the $25,000 daily sanction in the December 2023 order was unauthorized, unsupported by competent proof, unlawful, and excessive. However, in its opposition brief, plaintiff stated that this sanction was never imposed because the parties entered into a so-ordered stipulation in February 2024. Defendant did not dispute this in his reply brief. Thus, the issue is academic.
Regarding the March 2024 order, Supreme Court properly denied defendant's motion for a declaration that the judgment in this action be deemed satisfied. Defendant argues that the court should have at least found the judgment partially satisfied; however, he did not request that relief before the motion court. To the extent that defendant relies on arguments we considered and rejected in Astraea NYNY LLC v Ganley (214 AD3d 528 [1st Dept 2023]) to argue that the judgment was fully satisfied, he may not relitigate those issues on this appeal.
Moreover, defendant was not entitled to an evidentiary hearing because there was no "conflicting documentary evidence" regarding whether the judgment was fully satisfied (cf. Kazi v General Elec. Capital Bus. Asset Funding Corp. of Conn., 116 AD3d 592, 592 [1st Dept 2014]). Even accepting what defendant claims is the value of the 20,000 Rivada Network, Inc. shares acquired by plaintiff at a public auction ($755.65 per share), that amount would not be enough to fully satisfy the judgment.
In the May 2024 order appealed from, defendant was directed to make installment payments of $20,000 a month to plaintiff. The court providently exercised its discretion by ordering defendant to pay $20,000 a month to plaintiff until the judgment is satisfied (see Nutmeg Fin. Servs. v Richstone, 186 AD2d 58, 59 [1st Dept 1992]; see also Hamway v Sutton, 237 AD3d 92, 93, 99 [1st Dept 2025]). The court held a hearing at which defendant testified, among other things, that his pay had increased. Furthermore, this Court has upheld an installment payment determination that allowed "[l]ess than half of [the] defendant's claimed monthly living expenses . . . as reasonable and necessary" (Craig v Klein, 8 AD3d 55 [1st Dept 2004]).
We take judicial notice of the NYSCEF record of this case in Supreme Court (see Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]), which shows that in January 2025, the parties entered into a stipulation that resolved the November 2024 order appealed from. Hence, we dismiss the appeal from that order as academic. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025