New Empire Bldr. Corp. v Onboard Hospitality LLC (2026 NY Slip Op 01410)

New Empire Bldr. Corp. v Onboard Hospitality LLC

2026 NY Slip Op 01410

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 652533/20|Appeal No. 6241|Case No. 2025-00200|

[*1]New Empire Builder Corp., Plaintiff-Appellant,
vOnboard Hospitality LLC, Defendant-Respondent, Newport Insurance Company, Inc., et al., Defendants.

Lee & Lum, LLP, New York (Robert J. Lum of counsel), for appellant.
The Scher Law Firm, LLP, Garden City (Austin Graff of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about November 25, 2024, which, to the extent appealable, denied those branches of plaintiff's motion pursuant to CPLR 3126 to strike defendant Onboard Hospitality LLC's (defendant) answer, to preclude defendant from opposing plaintiff's claims, producing in evidence stated documents and things not exchanged during discovery, or using witnesses to elicit testimony as to a stated subject matter, or to compel defendant to provide full and complete responses to stated discovery demands, unanimously affirmed. Appeal from so much of the order as denied that branch of plaintiff's motion to extend its time to file and serve a note of issue, unanimously dismissed, without costs, as moot.
Supreme Court providently exercised its discretion in declining to impose discovery sanctions on defendant (see generally CDR CrÉances S.A.S. v Cohen, 23 NY3d 307, 317-318 [2014]; Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). The record discloses that, at times, defendant was slow to respond to plaintiff's discovery demands, and, when it did respond, provided incomplete responses. However, the record also shows that plaintiff was not diligent in prosecuting this action and completing discovery. The only demands for documentary discovery that, according to plaintiff, remain outstanding were not only made in contravention of the court's June 6, 2024 order declining to allow plaintiff to serve additional document demands, but were also for documents that defendant represents do not exist. The nature of the documents sought suggests that, if they do exist, then they also would be in the possession of third parties, but plaintiff never served a subpoena on those third parties. Therefore, plaintiff cannot now claim to be prejudiced by its own failure to diligently pursue nonparty discovery (see e.g. Greca v Choice Assoc. LLC, 200 AD3d 415, 416 [1st Dept 2021]; Espinoza v Fowler-Daley Owners, Inc., 171 AD3d 480, 480 [1st Dept 2019]).
Defendant's witness's deposition testimony does not contradict the affidavit that he executed pursuant to Jackson v City of New York (185 AD2d 768 [1st Dept 1992]). To the extent there may be inconsistencies between them, plaintiff is free to explore the inconsistencies at trial (cf. 1591 Second Ave. LLC v Metropolitan Transp. Auth., 220 AD3d 401, 401 [1st Dept 2023]).
According to the NYSCEF record of this case in Supreme Court, after entry of the order at issue on appeal, a codefendant filed a note of issue. We may take judicial notice of this filing (Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]). Accordingly, the issue of whether plaintiff should have been granted an extension of time to file a note of issue is moot, and we dismiss plaintiff's appeal from that portion of the order (see id. at 410-411).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026